**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TERRY P. HYSER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-274 TS |
| | ) | |
| JOHN VanNATTA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Terry P. Hyser, a *pro se* prisoner, filed this habeas corpus petition attempting to challenge his forty-five day loss of good time on December 27, 2005, in case MCF 05-12-0264 by the Disciplinary Hearing Board (DHB) at the Miami Correctional Facility.

Mr. Hyser states that he appealed the ruling to the superintendent who, on January 20, 2006, reduced the forty-five day loss of good time to thirty days suspended. Petition at ¶ 9(b), DE 1-1; *see also* DE 1-2 at 2. That is to say, Mr. Hyser appealed and won; his good time was restored. The sole remedy available in this case has been rendered moot because Mr. Hyser's good time credits have already been restored. A prison disciplinary proceeding can only be challenged where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Here, it did not, and this case must be dismissed. *See* Section 2254 Habeas Corpus Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

For the foregoing reasons, the court **DISMISSES** the petition **WITHOUT PREJUDICE** and **DISCHARGES** the respondent from any obligation to respond to this court's order to show cause.

SO ORDERED on October 24, 2006.

                                              S/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION